IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIANNE URIAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No.________________ |
| | § | |
| THE LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK, | § | |
| | § | |
| | § | |
| Defendant. | § | |

COMPLAINT

Plaintiff Dianne Urias, for her Complaint against the Lincoln Life & Annuity Company of New York, would show as follows:

Parties, Jurisdiction and Venue

1. Plaintiff is an individual citizen of Texas.

2. Defendant is a corporation not organized under Texas law and not maintaining its principal place of business in Texas, and may be served through its registered agent for service of process in Texas, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Jurisdiction is proper on the ground of diversity of citizenship under 28 U.S.C. §1332.

4. Venue is proper.

## Facts

5. Prior to May 2015, Plaintiff was employed as a mortgage loan underwriter with Reliance First Capital, LLC, and through such employer, covered by a short-term disability benefits policy administered and insured by Defendant. As of May 2015, Plaintiff could no longer continue to work full-time as a result of problems associated with an epidural abscess with sepsis, complications from left knee replacement and rheumatoid arthritis. Plaintiff was covered by a short-term benefits policy and received benefits under it and made a further claim under long-term disability policy issued by Defendant. Plaintiff was paid long-term disability benefits from August 13, 2015 through April 13, 2017.

6. By letter dated April 13, 2017, Defendant denied long-term disability benefits to Plaintiff as of April 14, 2017.

7. By letter dated May 22, 2017, Plaintiff appealed the April 13, 2017 denial of long-term disability benefits.

8. By letter dated July 17, 2017, Plaintiff supplemented her May 22, 2017 appeal.

9. By letter dated October 2, 2017, Defendant again denied long-term disability benefits to Plaintiff as of April 14, 2017.

10. By letter dated January 26, 2018, Plaintiff appealed the October 2, 2017 denial of long-term disability benefits.

11. On June 19, 2018, Defendant again denied long-term disability benefits to Plaintiff beyond April 13, 2017.

12. By its April 13, 2017, October 2, 2017 and June 19, 2018 denials, Defendant improperly relied upon a standard of disability distinct from that provided for in the

governing policy, improperly ignored Plaintiff's medical condition and specific determinations of Plaintiff's disability based on such condition, improperly ignored certain medical records of Plaintiff, improperly misrepresented certain medical records of Plaintiff, improperly dismissed the significance of other medical records of Plaintiff and improperly ignored other statements of Plaintiff's impairments. Among other things, in the October 2, 2017 denial, Defendant based the denial, in part, by misrepresenting Plaintiff's occupation as a mortgage loan officer as opposed to that of a mortgage loan underwriter and made light of the pain suffered by Plaintiff due to arthritis, the adverse side effects upon Plaintiff of morphine and oxycodone, and Plaintiff's chronic back pain. Additionally, in the June 19, 2018 denial, Defendant failed to accurately take into account the May 29, 2018 summary notes of Plaintiff's physician, Dr. Schuhmacher in response to a purportedly independent medical review obtained by Defendant. Defendant further improperly dismissed the significance of an updated physical therapy evaluation of Plaintiff.

13. In connection with its disposition of the claim of Plaintiff under the long-term disability benefits policy, Defendant engaged in conduct not consistent with its fiduciary duty to Plaintiff under ERISA and in violation of provisions of ERISA and regulations promulgated pursuant to ERISA, including Section 1133(2) of ERISA, requiring that a participant whose claim for benefits has been denied be afforded a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying his claim, one or more of the requirements of 29 CFR 2560.501-3, including the requirements of CFR 2560.503-1(b)(5) that benefit claim determinations be made in accordance with governing plan documents and that plan provisions be applied consistently with respect to similarly

situated claimants, the requirements of 29 CFR 2560.503-1(g) as to the content of any adverse benefit determination, the requirement of 29 CFR 2560.503-1(h)(2)(iv) that a fiduciary take "into account all comments, documents, records and other information submitted by the claimant relating to the claim without regard to whether such information was submitted or considered in the initial benefit determination," the requirement of 29 CFR 2560.503-1(h)(3)(iii) that any medical judgment must be the result of consultation with a health care professional with appropriate training and experience in the field of medicine involved in the medical judgment, the requirement of 29 CFR 2560.503-1(h)(3)(iv) that any medical or vocational experts whose advice was obtained in connection with an adverse benefit determination by identified without regard to whether the advice was relied upon in making the benefit determination, the requirement of 29 CFR 2560.503-1(h)(3)(v) that any health care professional consulted in connection with any adverse benefit determination be an individual who was not consulted with the adverse benefit determination that was the subject of the appeal, nor a subordinate of such individual, and the requirements of 29 CFR 2560.503-1(j) as to the manner and content of a benefit determination on review.

14. Based on the terms of the governing long-term disability benefits policy, Defendant's denial of benefits is subject to de novo review and, so reviewed, must be determined to have been wrong, Alternatively, based on Defendant's violation of one or more requirements of 29 CFR 2560.503-1, Defendant's denial of benefits is subject to de novo review and, so reviewed, must be determined to have been wrong. Alternatively, based on the application, pursuant to 29 U.S.C.§1144(b)(2)(A), of Section 1701.062 of the Texas Insurance Code and Title 28, Part 1, Chapter 3, Subchapter M, Rules 3.201(c), 3.1202 and 3.1203 of the

Texas Administrative Code, Defendant's denial of benefits is subject to de novo review and, so reviewed, must be determined to have been wrong. Again in the alternative, in the event Defendant's denial of benefits is subject to review only for abuse of discretion, Defendant, to the extent of any discretion, abused such discretion.

Claim

15. For her first cause of action, Plaintiff would show that Defendant wrongfully denied benefits due to her under the long-term disability benefits policy. Defendant is accordingly liable to Plaintiff for all benefits due but not paid to Plaintiff under the long-term disability benefits policy, the present value of all future benefits due under the long-term benefits policy, prejudgment interest and his attorney's fees and expenses and costs of court.

16. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays this Court grant her judgment against Defendant for all appropriate relief.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF